IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE GIBSON, #R17924, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18−cv−585−JPG |
| vs. | ) ) | |
| WEXFORD HEALTH SOURCES, INC., DENTIST ASSELMEIER, and STEVEN NEWBOLD, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Willie Gibson, an inmate in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious dental issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: in August 2017, Plaintiff began to experience extreme dental pain on both sides of his mouth from two teeth. (Doc. 1, p. 5). Plaintiff sent in over 10 requests to see a dentist, addressed to dentists Asselmeier and Newbold, but he did not receive a response. *Id.* Plaintiff sent two letters to Wexford Health Sources, Inc. ("Wexford"), but no one responded. *Id.*

"Wexford has a widespread practice among their employees of delaying medical treatment" which causes pain and suffering. (Doc. 1, p. 6). There is regularly a backlog of several hundred inmates waiting for medical and dental services. *Id.* Wexford refuses to send emergency patients to an outside hospital, which has caused Plaintiff to suffer. *Id.* Wexford also refuses to provide a full staff of dentists to tend to "the thousands of inmates at Menard." *Id.* This has caused Plaintiff's condition to worsen and has resulted in his having to endure extreme dental pain. *Id.*

In Plaintiff's requests to Asselmeier, he explained the symptoms he was experiencing from his two problematic teeth, including extreme pain, bleeding, swelling, abscesses, and drainage. (Doc. 1, p. 7). Plaintiff also explained that there was a huge hole in one of the teeth. *Id.* On January 23, 2018, five months after Plaintiff began submitting requests, Plaintiff spoke with Asselmeier. *Id.* Asselmeier told Plaintiff that he and Newbold had received Plaintiff's requests and that they were unable to put him on a call line to be treated because Menard was at full capacity, and they were a few hundred inmates behind in scheduling. (Doc. 1, pp. 7-8). Plaintiff told Asselmeier about his aforementioned symptoms and tried to show him the hole in his tooth, but Asselmeier told him that there was nothing he could do at that time. (Doc. 1, p. 8). Plaintiff then asked for pain pills and antibiotics to hold him over until he was called, but Asselmeier denied the request and told Plaintiff he would receive some once he was called. *Id.*

On January 26, 2018, Plaintiff was again called to see Asselmeier. *Id.* Plaintiff once again recounted his symptoms of bleeding, swelling, abscesses, and drainage. (Doc. 1, pp. 8-9). Asselmeier examined Plaintiff and told him he would provide a temporary filling for the hole in Plaintiff's tooth. (Doc. 1, p. 9). Plaintiff responded that "temps don't last" and asked if a permanent filling would be provided. *Id.* Asselmeier responded that it would not, as the waiting list was almost two years. *Id.* Plaintiff also asked about his other bothersome tooth, but Asselmeier told him that he would be unable to tend to it that day because of the long line of inmates behind him. *Id.* Plaintiff then requested pain medication, and Asselmeier told him he would send some to Plaintiff's cell. *Id.*

In Plaintiff's requests to Newbold, he explained the symptoms he was experiencing from his two problematic teeth, including extreme pain, bleeding, swelling, abscesses, and drainage. (Doc. 1, p. 11). Newbold received these requests but ignored them for five months. *Id.*

Newbold "is the chief dentist with supervisory authority," and he "has the authority to send the Plaintiff to an off-site hospital for dental treatment but refused to do so." *Id.*

Plaintiff requests monetary damages from the defendants. (Doc. 1, p. 13).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious dental need involving two painful teeth in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has satisfied this standard with respect to each of the defendants. He claims he suffered extreme pain from two problematic teeth for months, and further claims that Asselmeier

4

and Newbold were both aware of his plight and ignored it for an extended period of time. Plaintiff also asserts that the treatment he finally received was inadequate, as he received a temporary filling in only one of his two problematic teeth, and his other tooth was not tended to.

With respect to Wexford, the Seventh Circuit has held that the *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016) (citing *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (noting every circuit court that has addressed the issue has extended the *Monell* standard to private corporations acting under color of state law). In order to prevail on his deliberate indifference claim against Wexford, Plaintiff must establish that its policies, customs, or practices caused a constitutional violation. *Whiting*, 839 F.3d at 664 (citing *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009)). Plaintiff alleges that Wexford instituted several policies, customs, or practices that resulted in the denial and delay of care for his teeth, including its decision to understaff Menard's dental personnel and its policy of not allowing inmates to be sent to outside hospitals.

For the foregoing reasons, Count 1 shall receive further review against Asselmeier, Newbold, and Wexford.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **WEXFORD**, **ASSELMEIER**, and **NEWBOLD**.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **WEXFORD**, **ASSELMEIER**, and **NEWBOLD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to

the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
        **DATED: April 4, 2018**

                                            s/J. Phil Gilbert
                                            **United States District Judge**