IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE GIBSON, #R17924,          )
                                 )
          Plaintiff,             )
                                 )
vs.                              )          Case No. 18-cv-00585-JPG
                                 )
WEXFORD HEALTH SOURCES, INC.,    )
CRAIG J. ASSELMEIER, DMD, and    )
STEVEN M. NEWBOLD, DMD,          )
                                 )
          Defendants.            )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies. (Doc. 30). For the reasons set forth below, the Court finds that Plaintiff failed to properly exhaust his available remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Accordingly, the Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc., Craig J. Asselmeier, and Steven M. Newbold shall be **GRANTED** and this case **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff Willie Gibson is an inmate in the Illinois Department of Corrections ("IDOC") who is incarcerated at Menard Correctional Center ("Menard"). (Doc. 31, ¶ 1; Doc. 33, ¶ 1). His claims arise from the denial of dental care for two teeth. (Doc. 1, pp. 5-12; Doc. 31, ¶ 2; Doc. 33, ¶ 2). In his Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff brings a single claim against Defendants Wexford Health Sources, Inc., Craig J. Asselmeier, and Steven M. Newbold for their deliberate indifference to his serious dental needs in violation of the Eighth Amendment. (*Id.*).

The Court screened this matter and allowed this claim to proceed on April 4, 2018.  (Doc. 5, p. 5).

In the Complaint, Plaintiff alleges that in August 2017, he suffered extreme dental pain on both sides of his mouth.  (Doc. 1; Doc. 31, ¶ 3; Doc. 33, ¶ 3).  He submitted over ten treatment requests to Asselmeier and Newbold but received no response.  (*Id.*).  He sent two letters to Wexford but also received no response.  (*Id.*).  On January 23, 2018, Plaintiff spoke with Asselmeier, who told Plaintiff there was nothing he could do about his teeth and denied his request for pain medication and antibiotics.  (Doc. 31, ¶ 4; Doc. 33, ¶ 4).

On January 26, 2018, Plaintiff was again called to see Asselmeier.  (Doc. 31, ¶ 5; Doc. 33, ¶ 5).  When Plaintiff described his symptoms, Asselmeier examined his teeth and agreed to provide a temporary filling in one tooth.  (*Id.*).  Plaintiff requested a permanent filling instead.  (*Id.*).  Asselmeier explained that the waiting list for a permanent filling was two years.  (*Id.*).  When Plaintiff requested treatment of his second problem tooth, Asselmeir refused to treat it because of the long line of inmates awaiting dental care that day.  (*Id.*).  In response to Plaintiff's request for dental medication, Asselmeier agreed to send some to Plaintiff's cell.  (*Id.*).

Plaintiff then submitted a request to see Newbold, but the dentist ignored the request.  (Doc. 31, ¶ 6; Doc. 33, ¶ 6).  Newbold allegedly possessed authority to send Plaintiff to an off-site hospital for dental treatment but declined to do so.  (*Id.*).  Plaintiff blames Wexford for encouraging its employees to delay medical treatment even where doing so causes increased pain.  (Doc. 31, ¶ 7; Doc. 33, ¶ 7).

Plaintiff filed an emergency grievance with the warden that was dated January 26, 2018 (Grievance #517-1-18).  (*See* Doc. 1, p. 16; Doc. 31, ¶ 8a; Doc. 33, ¶ 8).  On January 31, 2018, the warden denied the grievance as a non-emergency and instructed Plaintiff to resubmit it through normal channels.  (Doc. 31, ¶ 10; Doc. 33, ¶ 8).  The warden responded by checking a box on the

emergency grievance form, which states: "No. An emergency is not substantiated. Offender should submit this grievance in the normal manner." (Doc. 1, p. 16; Doc. 33, ¶ 8). Instead of using normal channels to pursue relief, Plaintiff filed an appeal directly with the Administrative Review Board ("ARB"). (*Id*.). An ARB "Return of Grievance or Correspondence" for Grievance #517-1-18, received February 22, 2018, requests a copy of the counselor's response, grievance officer's response, and warden's response to the grievance. (Doc. 31, ¶ 8c; Doc. 33, ¶ 8). Instead of producing documentation of his efforts to exhaust remedies through normal channels, however, Plaintiff filed this lawsuit on March 19, 2018. (Doc. 1; Doc. 30, ¶ 4).

Defendants seek summary judgment based on Plaintiff's failure to exhaust his administrative remedies before filing suit. (Docs. 30 and 31). Defendants argue that Plaintiff did not pursue exhaustion of his administrative remedies through normal channels, after the warden denied his emergency grievance dated January 26, 2018. (*Id*.). This Court agrees.

## LEGAL STANDARDS

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Lawsuits filed by inmates are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. (emphasis added). A summary judgment motion based on failure to exhaust administrative remedies typically requires a hearing to decide any contested issues regarding exhaustion, and a judge may make limited findings at that time. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

3

The Court's role on summary judgment is not to weigh evidence, judge witness credibility, or determine the truth of the matter, but to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).  The Seventh Circuit in *Pavey* held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are to be determined by the judge, not a jury.  *Pavey*, 544 at 740-41.

The PLRA prohibits a prisoner from bringing a civil rights action to challenge the conditions of his confinement under Section 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit.  *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In other words, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo*, 286 F.3d at 1025.

In order to properly exhaust his claims, an IDOC inmate is required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders.  20 Ill. Admin. Code § 504.800 *et seq*.  The inmate may request that a grievance be handled on an emergency basis by forwarding it directly to the Chief Administrative Officer ("CAO") of the institution.  20 Ill. Admin. Code § 504.840.  If the grievance presents a situation posing imminent personal injury or serious physical harm to the inmate, the CAO shall expedite the handling of the grievance on an emergency basis.  20 Ill. Admin. Code § 504.840(a).  If the CAO determines that the grievances

4

presents a non-emergency, as in this case, he or she shall notify the offender "in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c).

The standard grievance procedure requires inmates to file a grievance with a counselor or grievance officer at the institutional level within sixty days of the incident giving rise to the complaint. 20 ILL. ADMIN. CODE § 504.810(a). Within two months of receipt of the grievance, the grievance officer shall report his or her findings in a written report and recommendation to the CAO. 20 ILL. ADMIN. CODE § 504.830(a),(e). Upon review of these findings and recommendation, the CAO shall advise the inmate or his or her decision in writing. *Id.* If the inmate disagrees with the decision and wishes to appeal it, the inmate may file a written appeal to the IDOC Director by submitting the appeal, along with a copy of the grievance officer's report and CAO's decision, to the Administrative Review Board ("ARB") within thirty days of the warden's decision. 20 ILL. ADMIN. CODE § 504.850(a). The ARB then submits a written report and recommendation to the Director, who makes a final determination about the grievance within six months after receipt of the appealed grievance. 20 ILL. ADMIN. CODE § 504.850(d),(e). The ARB shall expedite this process, in cases where an inmate is appealing a grievance that the CAO deemed to be an emergency. 20 ILL. ADMIN. CODE § 504.850(f).

### ANALYSIS

There are no genuine issues of material fact in dispute. (*See* Docs. 31 and 33, ¶¶ 1-10). Because there are no debatable factual issues here, the question of exhaustion is purely a legal one and requires no hearing. *See, e.g., Miller v. Wexford Health Sources, Inc.*, Case 15-cv-1077-MJR-SCW, 2017 WL 951399, at *2 (S.D. Ill. Mar. 10, 2017). According to the undisputed facts, Plaintiff filed this action on March 19, 2018, less than two months after submitting an emergency

5

grievance to the CAO, dated January 26, 2018.  The CAO denied the grievance as a non-emergency on January 31, 2018, indicating that "an emergency is not substantiated" and instructing him to "submit this grievance in the normal manner."  (Doc. 1, p. 16; Doc. 33, ¶ 8).  Instead of doing so, Plaintiff filed an appeal directly with the ARB.  (*Id.*).  An ARB "Return of Grievance or Correspondence" for Grievance #517-1-18, dated January 26, 2018 and received February 22, 2018, identified additional documentation that was necessary to process the grievance appeal.  (Doc. 31, ¶ 8c; Doc. 33, ¶ 8).  Specifically, Plaintiff was required to submit a copy of the counselor's response, grievance officer's response, and warden's response to the grievance along with the appeal.  (*Id.*).  Instead of submitting this documentation, Plaintiff filed this action.

Plaintiff presented no argument that he properly exhausted all available administrative remedies before bringing suit.  On the contrary, Plaintiff admittedly failed to respond to the ARB's request for additional documentation to support his appeal of Grievance #517-1-18, dated January 26, 2018 and received February 22, 2018.  Plaintiff explains that he had no other documentation requested by the ARB, such as another written reply from the warden, grievance officer, or counselor.  He makes no claim that these avenues to relief were unavailable to him.  Plaintiff instead concedes that he turned to the Court for relief before following these normal channels.

Accordingly, the Court finds that Plaintiff did not submit Grievance #517-1-18 through the normal channels and thereby failed to exhaust his available administrative remedies before bringing suit, in violation of the PLRA.  Count 1 against Defendants Wexford, Asselmeier, and Newbold shall be dismissed.  Because this is the only claim at issue in this case, the entire action shall also be dismissed without prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendants

Wexford Health Sources, Inc., Craig J. Asselmeier, and Steven M. Newbold (Doc. 30) is **GRANTED**.   The Eighth Amendment claim in **COUNT 1** against these defendants is **DISMISSED** without prejudice based on Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

**DATED: 5/28/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**